# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| BOBBY FRANCIS LOWRY,<br><br>              Plaintiff,<br><br>vs.<br><br>LEO DUTTON, et al.,<br><br>              Defendants. | **CV 21–91–H–BMM–JTJ**<br><br><br>**ORDER** |

United States Magistrate Judge John Johnston entered his Findings and Recommendations in this case on March 28, 2022. (Doc. 10). Judge Johnston recommended that Lowry's Complaint (Doc. 2) should be DISMISSED for failure to state a cognizable federal claim and that Lowry's filing of this action counts as one strike against him pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), that the Clerk of Court should be directed to close this matter and enter judgment pursuant to Fed. R. Civ. P. 58, and that the Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. (Doc. 10).

Neither party filed objections to the Findings and Recommendations. The parties have waived the right to de novo review thereof. 28 U.S.C. § 636(b)(1)(C).

1

Absent objection, this Court reviews findings and recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

The Court entered an order (Doc. 9) on March 2, 2022, that determined Lowry failed to state a claim but allowed Lowry to file an amended complaint by March 18, 2022. Lowry has failed to file an amended complaint. Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action if "the plaintiff fails to prosecute" the action. In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (*quoting Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)).

Judge Johnston applied the factors to Lowry's case. Judge Johnston found that the factors weighed in favor of dismissal of Lowry's Complaint (Doc. 2). The

Court finds no error in Judge Johnston's Findings and Recommendations and adopts them in full.

## ORDER

Accordingly, **IT IS ORDERED**:

1. Lowry's Complaint (Doc. 2) is **DISMISSED** for failure to state a cognizable federal claim. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Lowry's filing of this action counts as one strike against him.

2. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 20th day of May, 2022.

_____
Brian Morris, Chief District Judge
United States District Court